1  SUSAN J. WELDE (SBN 205401)
   MURCHISON & CUMMING, LLP
2  801 S. Grand Ave, 9th Floor
   Los Angeles, California 90017
3  Telephone: (213) 623-7400
   Email: swelde@murchisonlaw.com
4
   Tamra J. Miller (SBN 224040)
5  Margaret M. Schuchardt (*pro hac vice* to be filed)
   JASZCZUK P.C.
6  311 South Wacker Dr., Suite 3200
   Chicago, IL 60606
7  Telephone: (312) 442-0312
   Email: tmiller@jaszczuk.com
8  Email: mschuchardt@jaszczuk.com

9  Attorneys for Defendant JACKSON
   HEWITT TAX SERVICE INC.

10          **UNITED STATES DISTRICT COURT**
            **CENTRAL DISTRICT OF CALIFORNIA**
11              **WESTERN DIVISION**

12
   JEFF HANCOCK, individually and        Case No.: 2:19-CV-02602-PSG-PJW
13 on behalf of all others similarly
   situated,                             **DEFENDANT'S NOTICE OF**
14                                        **MOTION AND MOTION TO**
                                          **DISMISS, TRANSFER, OR**
15 Plaintiff,                             **STRIKE; MEMORANDUM OF**
                                          **POINTS AND AUTHORITIES;**
16 vs.                                    **DECLARATIONS OF MARGARET**
                                          **SCHUCHARDT AND AMORI**
17 JACKSON HEWITT TAX                     **LANGSTAFF IN SUPPORT;**
   SERVICE INC.,                          **[PROPOSED] ORDER**
18
   Defendant.                            Date: July 22, 2019
19                                        Time: 1:30pm
                                          Courtroom: 6A
20                                        Judge: The Honorable Philip S.
                                          Gutierrez
21

22  TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

23       **PLEASE TAKE NOTICE** that on July 22, 2019, at 1:30 pm, before the

24  Honorable Philip S. Gutierrez, in Courtroom 6A of the United States District Court

25  for the Central District of California, located at 350 W. 1st Street, Los Angeles, CA

26  90012, Defendant Jackson Hewitt Tax Service, Inc. ("Jackson Hewitt" or

27  "Defendant"), will and hereby does move to dismiss Plaintiff's Complaint for lack

28  of personal jurisdiction pursuant to Federal Rule 12(b)(2), or, in the alternative, to

                                          Case No. 2:19-CV-02602-PSG-PJW
   DEFENDANT'S MOTION TO DISMISS. TRANSFER. OR STRIKE

1  dismiss Plaintiff's Complaint for improper venue pursuant to Federal Rule 12(b)(3),

2  or, in the alternative, to transfer this action to the District of New Jersey or the

3  Western District of Texas pursuant to 28 U.S.C. 1404(a), or, in the alternative, to

4  strike Plaintiff's class allegations pursuant to Federal Rule 12(f).

5        This motion is made following the conference of counsel pursuant to L.R. 7-

6  3, which took place on May 17, 2019 and May 24, 2019.  Counsel discussed the

7  bases for this motion but were unable to resolve the issues set forth herein.

8  Dated: May 31, 2019                    Respectfully submitted,

9                                         By:   /s/ Susan J. Welde

10                                        Susan J. Welde (SBN 205401)
                                          801 S. Grand Ave, 9th Floor
                                          Los Angeles, California 90017
11                                        Telephone: (213) 623-7400
                                          Email: swelde@murchisonlaw.com
12                                        Facsimile: (213) 623-6336
                                          swelde@murchisonlaw.com
13
                                          Tamra J. Miller (SBN 224040)
14                                        Margaret M. Schuchardt (*pro hac vice*
                                          to be filed)
15                                        JASZCZUK P.C.
                                          311 South Wacker Dr., Suite 3200
16                                        Chicago, IL 60606
                                          Telephone: (312) 442-0312
17                                        tmiller@jaszczuk.com
                                          mschuchardt@jaszczuk.com
18

19                                        Attorneys for Defendant JACKSON
                                          HEWITT TAX SERVICE INC.
20

21

22

23

24

25

26

27

28

                                              2            Case No. 2:19-CV-02602-PSG-PJW
                        DEFENDANT'S MOTION TO DISMISS, TRANSFER, OR STRIKE

# **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

FACTUAL BACKGROUND ................................................................................................1

ARGUMENT ................................................................................................................3

I. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL
JURISDICTION................................................................................................4

    A.    Legal Standard................................................................................4

    B.    There Is No General Personal Jurisdiction Over Jackson Hewitt. ...........5

    C.    There Is No Specific Personal Jurisdiction Over Defendant....................6

        *1.*    *Defendant Did Not Purposefully Direct The Alleged Activities At*
*California.*................................................................................6

        *2.*    *Plaintiff's TCPA Claim Does Not Arise Out Of Or Relate To Any*
*California-Related Activities.*....................................................9

        *3.*    *The Exercise Of Jurisdiction Over Defendant In This Case Would*
*Be Unreasonable.*................................................................10

II. VENUE IS IMPROPER IN THIS DISTRICT ................................................................11

III. In The Event Venue Is Proper Here, The Case Should Nevertheless Be Transferred ...............12

    A.    Plaintiff Could Have Filed In The District Of New Jersey Or The Western
District Of Texas. ..........................................................................12

    B.    Transfer Serves The Convenience Of The Parties And The Witnesses And
The Interest Of Justice....................................................................13

IV. PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE STRICKEN BECAUSE
PLAINTIFF SIGNED A VALID CLASS-ACTION WAIVER ........................................15

V. CONCLUSION ........................................................................................17

1

# **TABLE OF AUTHORITIES**

2

**Page**

3

## CASES

4

*Abedi v. New Age Med. Clinic PA*,
No. 1:17-CV-1618 AWI SKO, 2018 U.S. Dist. LEXIS 105932, at *6 (E.D. Cal. June 25, 2018) .................................................................................... 9

*ACA Int'l v. FCC*,
885 F.3d 687 (D.C. Cir. 2018) ........................................................ 8

*Allen v. Rodey, Dickason, Sloan, Akin & Robb, P.A.*,
No. CV 09-3765 PSG (FFMx), 2010 U.S. Dist. LEXIS 147971, at *12-13 (C.D. Cal. Jan. 20, 2010)............................................................................. 9

*Arthur v. Douglas*,
No. CV 08-8233 PSG, 2009 U.S. Dist. LEXIS 23105, at *5 (C.D. Cal. Mar. 10, 2009)................................................................................................... 4

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
874 F.3d 1064, 1070 (9th Cir. 2017)............................................... 7

*Barone v. Intercontinental Hotels Grp. PLC*,
No. 15-cv-04990-JCS, 2016 U.S. Dist. LEXIS 66851, at *13 (N.D. Cal. May 20, 2016)................................................................................................... 4

*Castillo v. Caesars Entm't Corp.*,
No. 18-cv-05781-EMC, 2018 U.S. Dist. LEXIS 201721, at *4 (N.D. Cal. Nov. 28, 2018)................................................................................................... 6

*Christensen v. Barclays Bank Del.*,
No. 1:18-cv-12280-ADB, 2019 U.S. Dist. LEXIS 72239, at *18 (D. Mass. April 30, 2019)................................................................................................. 17

*Corwin v. Swanson*,
No. CV 10-769 PSG, 2010 U.S. Dist. LEXIS 153533, at *12 (C.D. Cal. Apr. 27, 2010)................................................................................................. 10

*Daimler AG v. Bauman*,
571 U.S. 117, 122 (2014) ................................................................ 5

*DFSB Kollective Co. Ltd. v. Bourne*,
897 F. Supp. 2d 871, 883 (N.D. Cal. 2012) ................................... 8

*Elofson v. Bivens*,
No. 15-cv-05761-BLF, 2017 U.S. Dist. LEXIS 20218, at *17 (N.D. Cal. Feb. 13, 2017)................................................................................................... 9

*Fontaine v. Wash. Mut. Bank, Inc.*,
No. CV 08-5659 PSG (Ex), 2009 U.S. Dist. LEXIS 41168, at *11 (C.D. Cal Apr. 30, 2000)............................................................................................. 15

28

ii     Case No. 2:19-CV-02602-PSG-PJW

DEFENDANT'S MOTION TO DISMISS, TRANSFER, OR STRIKE

*Fox v. Berenis*,
    No. 3:17-cv-2066-SI, 2018 U.S. Dist. LEXIS 203859, at *7 (D. Or. Dec. 3, 2018) ............ 5

*Helicopteros Nacionales de Columbia, S.A. v. Hall*,
    466 U.S. 408, 414 n.8 (1984) .................................................................................... 5

*Kauffman v. CallFire, Inc.*,
    141 F. Supp. 3d 1044, 1050 (S.D. Cal. 2015) ............................................................ 8

*Kinetics Noise Control, Inc. V. ECORE Int'l, Inc.*,
    No. CV 10-7902 PSG (JEMx) ..................................................................................... 6

*Metz v. U.S. Life Ins. Co.*,
    674 F. Supp. 2d 1141, 1146 (C.D. Cal. 2009) ......................................................... 14

*Monkton Ins. Servs. v. Ritter*,
    768 F.3d 429, 432 (5th Cir. 2014) ............................................................................ 5

*Morrill v. Scott Fin. Corp.*,
    873 F.3d 1136, 1142 (9th Cir. 2017) ........................................................................ 6

*OOO Brunswick Rail Mgmt. v. Sultanov*,
    No. 5:17-cv-00017-EJD, 2017 U.S. Dist. LEXIS 8374 (N.D. Cal. Jan. 20, 2017)............... 8

*Painter's Dist. Council No. 30 Health & Welfare Fund v. Amgen, Inc.*,
    No. CV 07-3880 PSG (AGRx), 2007 U.S. Dist. LEXIS 85135, at *7 (C.D. Cal.
    Nov. 13, 2007).......................................................................................................... 13

*Park v. Dole Fresh Vegetables, Inc.*,
    964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013) ........................................................ 14

*Pavlovich v. Superior Court*,
    29 Cal. 4th 262, 269 (2002); *see also Arthur*, 2009 U.S. Dist. LEXIS 23105, at *6-7 ......... 6

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
    442 F.3d 741, 746 n.6 (9th Cir. 2006) ...................................................................... 3

*Saleh v. Titan Corp.*,
    361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) ........................................................ 14

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797, 800-801 (9th Cir. 2004) ................................................................. 1, 4

*Smith v. Facebook, Inc.*,
    262 F. Supp. 3d 943, 948-52 (N.D. Cal. 2017) ........................................................ 8

*Walden v. Fiore*,
    571 U.S. 277, 284 (2014) ......................................................................................... 7

**STATUTES**

28 U.S.C. § 1391(b) ...................................................................................................... 11, 12

DEFENDANT'S MOTION TO DISMISS, TRANSFER, OR STRIKE

1  28 U.S.C. § 1391(c) ................................................................................................ 11

2  Code Cal. Civ. Proc. § 410.10 ................................................................................. 4

3  Fed. R. Civ. P. 4(k)(1)(A) ....................................................................................... 4

4  Fed. R. Civ. Proc. 12(f) .......................................................................................... 17

5  Fed. R. Civ. Proc. 12(f)(2) ...................................................................................... 16

6  Federal Rule of Civil Procedure 12(b)(2) ................................................................ 4

7

8  **OTHER AUTHORITIES**

9  Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 30
     FCC Rcd. 7961, 7982 ¶ 33 (2015) ..................................................................... 8

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO DISMISS, TRANSFER, OR STRIKE

## MEMORANDUM OF POINTS AND AUTHORITIES

This case does not belong in California.  Plaintiff, who is a resident of Texas, has brought in this Court a putative class action under the TCPA for text messages allegedly sent by Defendant, a Delaware corporation headquartered in New Jersey.  Plaintiff should not be permitted to proceed with his putative class claims in this Court for four reasons.  First, Defendant is not subject to personal jurisdiction in California in connection with this lawsuit.  Second, this District is an improper venue for Plaintiff's claims.  Third, even if personal jurisdiction did exist and venue were proper, this action is better suited for adjudication in another forum.  Finally, should the suit remain in this Court, Plaintiff cannot pursue his claims on a class basis.  Plaintiff should be compelled to litigate this matter in a proper forum, and/or should be prohibited from asserting class claims.

## FACTUAL BACKGROUND

Defendant provides computerized preparation of federal, state and local individual income tax returns in the United States through a nationwide network of franchised and company-owned offices.  Declaration of Amori Langstaff ("Langstaff Decl."), at ¶ 2.[1]  Jackson Hewitt is a Delaware corporation that maintains its principal place of business in Jersey City, New Jersey.  Compl., ¶ 6.  There are close to 6,000 Jackson Hewitt franchised and company-owned locations nationwide.  Langstaff Decl., at ¶ 2.  Approximately 292 of those offices (about 5%) are located in California.  Langstaff Decl., at ¶ 2.

Plaintiff is a citizen of Texas who resides in Williamson County, Texas.  Compl., ¶ 5.  Plaintiff's parents engaged Jackson Hewitt franchisees to prepare their tax returns for several years, beginning in 2009.  *See* Langstaff Decl., at ¶¶ 3-4;

---

[1] In resolving the question of personal jurisdiction, the court may consider evidence presented in affidavits to assist in its determination. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

1   Declaration of Margaret Schuchardt ("Schuchardt Decl."), at ¶ 4.  From tax year

2   2016 forward, Reta Hancock (Plaintiff's mother) continued to do business with

3   Jackson Hewitt franchisees.  Langstaff Decl., at ¶ 4; Schuchardt Decl., at ¶ 4.  Most

4   pertinently, Ms. Hancock and Plaintiff (her son) in 2018 engaged a Jackson Hewitt

5   franchisee to file Ms. Hancock's taxes for tax year 2017 at a location in Cedar Park,

6   Texas.  Langstaff Decl., at ¶ 3; Schuchardt Decl., at ¶ 4.  In connection with this and

7   other returns, Plaintiff and his mother provided Jackson Hewitt with a particular

8   telephone number, and executed documents authorizing Jackson Hewitt to send

9   promotional text messages to that number and also waiving any right to resolve

10  disputes against Defendant on a class basis.  Langstaff Decl., at Ex. 1 and Ex. 2.[2]

11       Plaintiff has now filed suit in this Court, alleging that he received unsolicited

12  text messages "urging him to have Defendant . . . do his taxes," and on this basis

13  asserts individual and putative class claims against Defendant for violations of the

14  TCPA.  *See* Compl., ¶¶ 2-4.  The phone number at which Plaintiff received text

15  messages was the same number Plaintiff and his mother provided to Jackson Hewitt

16  in the course of Jackson Hewitt's tax preparation services.  *See* Langstaff Decl., at

17  Exs. 1-2; Schuchardt Decl., at ¶ 4.  The March 27, 2019 text message referenced in

18  Plaintiff's Complaint was sent by a Jackson Hewitt franchisee headquartered in

19  Georgetown, TX.  Langstaff Decl., at ¶ 7.

20       Plaintiff alleges that venue is proper in this forum because non-party CallFire,

21  Inc. d/b/a EZ Texting ("CallFire") is "headquartered in this District" and Defendant

22  "hired CallFire to send the texts that are the subject of this case," and therefore "a

23  substantial part of the events and omissions giving rise to Plaintiff's claims occurred

24

25  _____

26  [2] Defendant is filing contemporaneously with this motion an application for leave to
    file under seal the tax return documents attached as Exhibits 1 and 2 to the Langstaff
27  Declaration.

28

1 | in this District." Compl., PP 7, 10.

2 |     CallFire is a telecommunications platform that allows users to develop and

3 | send messages to recipients of their choosing. *Kauffman v. CallFire, Inc., et al.*, No.

4 | 14-CV-1333-H-DHB (S.D. Cal.), Dkt. 38-2, p. 2 of 11.[3]  CallFire is a common

5 | carrier registered with the FCC, and CallFire does not control the content,

6 | destination or timing of its users' communications. *Id.*  Instead, CallFire acts as a

7 | passive conduit between its customers and other telecommunications carriers that

8 | deliver the messages to the ultimate recipients. *Id.* at pp. 2-3 of 11.  Put simply,

9 | CallFire is an application that transmits user-created and user-directed text messages

10 | to the user's telephony provider, which in turn transmits those messages to the

11 | providers of the intended recipients, which in turn transmits the messages to the

12 | recipients. *Id.* at p. 2 of 11; Langstaff Decl., at PP 5-6.  Defendant and its

13 | franchisees utilize the CallFire platform to send text messages to their customers.

14 | Langstaff Decl., at P 5.

15 | **ARGUMENT**

16 |     Plaintiff's putative class claims are not properly asserted in this Court.

17 | Continued prosecution of this litigation in the Central District of California would

18 | not comport with due process or statutory venue requirements, and would result in

19 | substantial inconvenience to Defendant and the majority of the witnesses with

20 | information relevant to Plaintiff's claims.  Moreover, Plaintiff is prohibited from

21 | pursuing class claims in this or any Court.  For all of these reasons, Plaintiff cannot

22 | proceed with his claims as pled in this forum.

23 |

24 |

25 |

26 | [3] The Court may take judicial notice of the filings made by CallFire in the *Kauffman*

27 | litigation. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (The court "may take judicial notice of court filings and other

28 | matters of public record.").

1

2

3

## I.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION

4

5

6

7

8

Plaintiff's claims relating to a text message he received in Texas does not subject Defendant to personal jurisdiction in this Court.  Defendant is not headquartered or incorporated in California, and Plaintiff's claims have no connection to California.  Accordingly, Plaintiff's claims should be dismissed for want of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

9

### A. Legal Standard

10

11

12

13

14

15

16

17

18

19

20

Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *See Barone v. Intercontinental Hotels Grp. PLC,* No. 15-cv-04990-JCS, 2016 U.S. Dist. LEXIS 66851, at *13 (N.D. Cal. May 20, 2016).  Fed. R. Civ. P. 4(k)(1)(A) (service of process is effective to establish personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.").  California's long-arm statute permits the exercise of personal jurisdiction so long as it comports with federal due process. *See* Code Cal. Civ. Proc. § 410.10; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-801 (9th Cir. 2004).  Accordingly, a jurisdictional analysis under California law is coextensive with federal due process analysis.

21

22

23

24

25

26

27

28

"For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Under the minimum contacts test, jurisdiction can either be "specific" or "general."  *Arthur v. Douglas*, No. CV 08-8233 PSG, 2009 U.S. Dist. LEXIS 23105, at *5 (C.D. Cal. Mar. 10, 2009) (Gutierrez, J.) (citation omitted).

General jurisdiction allows "a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger,* 374 F.3d at 801.  For corporations, general jurisdiction is appropriate only when the corporation's contacts with the forum state "are so constant and pervasive as to render it essentially at home" in the state. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (citation omitted).  By contrast, "specific jurisdiction" exists when a case "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414 n.8 (1984); *see also Daimler,* 571 U.S. at 128.

### B. There Is No General Personal Jurisdiction Over Jackson Hewitt.

Defendant can only be subject to the general jurisdiction of this Court if it is "at home" in California.  Ordinarily, for general jurisdiction purposes, a corporation will be deemed 'at home' and hence 'domiciled' only where it has its principal place of business or where it is incorporated. *Daimler*, 571 U.S. at 137.  Only in an "exceptional case" will general jurisdiction be available anywhere else. *Daimler*, 571 U.S. at 139 n.19.  It is, therefore, "incredibly difficult" to establish general jurisdiction in a forum anywhere other than the place of incorporation or principal place of business. *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

There is no basis for the exercise of general jurisdiction here.  Defendant is incorporated in the state of Delaware, and has its principal place of business in New Jersey.  While Defendant conducts business nationwide, and a modicum of that business occurs in California, those are not "exceptional circumstances" that justify deviation from the general rule that Defendant is only subject to general jurisdiction in Delaware and New Jersey. *See Daimler,* 564 U.S. at 140 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them."); *see also Fox v. Berenis*, No. 3:17-cv-2066-SI, 2018 U.S. Dist. LEXIS 203859, at *7 (D. Or. Dec. 3, 2018) (existence of franchisees in forum state did not "support exercising general jurisdiction in a forum other than [Defendant's] state of

1   incorporation or principal place of business.").

2   **C. There Is No Specific Personal Jurisdiction Over Defendant.**

3   Nor is Defendant subject to specific jurisdiction in this Court as a result of

4   this suit.  In determining whether specific jurisdiction exists, courts consider the

5   "relationship among the defendant, the forum, and the litigation." *Helicopteros*

6   *Nacionales de Colombia*, 466 U.S. at 414 (citation omitted).  Here, there is no nexus

7   between Defendant, this Court, and the instant litigation.

8   In California, a court may exercise specific jurisdiction over a nonresident

9   defendant only if: (1) the defendant has purposefully availed [itself] of forum

10  benefits; (2) the controversy is related to or arises out of the defendant's contacts

11  with the forum; and (3) the assertion of personal jurisdiction would comport with

12  'fair play and substantial justice,' *i.e.*, it must be reasonable. *See Pavlovich v.*

13  *Superior Court*, 29 Cal. 4th 262, 269 (2002); *see also Arthur*, 2009 U.S. Dist.

14  LEXIS 23105, at *6-7.  None of these elements is present here.

15   **1. Defendant Did Not Purposefully Direct The Alleged Activities
16          At California.**

17  To begin with, there is nothing to suggest that Defendant (or anyone else)

18  purposefully directed the conduct at issue toward this forum.[4]  "Purposeful direction

19  'requires that the defendant . . . have (1) committed an intentional act, (2) expressly

20  _____

21  [4] Under the first prong of the specific jurisdiction analysis, courts in this Circuit

22  apply a "purposeful direction" test for claims sounding in tort and a "purposeful
     availment" test for contract claims. *See Morrill v. Scott Fin. Corp.*, 873 F.3d 1136,

23  1142 (9th Cir. 2017); *see also Kinetics Noise Control, Inc. V. ECORE Int'l, Inc.*, No.
     CV 10-7902 PSG (JEMx), 2011 U.S. Dist. LEXIS 164284, at *6 (C.D. Cal. Jan. 12,

24  2011) (Gutierrez, J.).  For purposes of this aspect of the jurisdictional analysis,

25  TCPA claims sound in tort and thus the purposeful direction test applies. *See*
     *Castillo v. Caesars Entm't Corp.*, No. 18-cv-05781-EMC, 2018 U.S. Dist. LEXIS

26  201721, at *4 (N.D. Cal. Nov. 28, 2018) ("The instant case, which involves an

27  alleged TCPA violation, is based on a tort, not a contract, and thus the purposeful

28  direction [test] should apply.").

aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Morrill,* 873 F.3d at 1142 (quoting *Schwarzenegger,* 374 F.3d at 803). Plaintiff's allegations here fail at least the second and third requirements.

Plaintiff cannot show that Defendant expressly aimed any relevant conduct at California when the Defendant is located in New Jersey, and the text message that forms the basis of Plaintiff's claims was sent by an entity in Texas to an individual in Texas. Plaintiff's only basis for bringing this suit in California is that non-party CallFire, whose text messaging software platform was utilized by Jackson Hewitt and its franchisees, is headquartered in this District.[5] But Plaintiff's allegations as to CallFire's role in the transmission of the texts at issue are inaccurate, and in any event do not support the assertion of personal jurisdiction over Jackson Hewitt in this case.

At the outset, CallFire is a third party, and so its connection to California cannot drive the specific jurisdiction analysis. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (*or third parties*) and the forum State.") (emphasis added); *Axiom Foods, Inc. v. Acerchem Int'l, Inc.,* 874 F.3d 1064, 1070 (9th Cir. 2017) ("As required, we focus on the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.") (citation omitted).

Moreover, CallFire is a communication platform utilized by Defendant, which

---

[5] Plaintiff's Complaint alleges that "CallFire's computers stored the numbers Jackson Hewitt provided, and automatically sent the texts – *i.e.*, made the calls that are the subject of this case – according to Jackson Hewitt's instructions," and that "CallFire's computers generated a sequence for sending the texts, based upon the demographic and other information Jackson Hewitt provided, and then automatically dialed those numbers." Compl., ¶¶ 26-27.

serves as a gateway between Defendant and its franchisees, their respective telephone carriers, and the carriers of the various recipients of the transmitted texts. Langstaff Decl., at ⁋ 6.  Plaintiff himself must not believe that CallFire is the "maker" or "initiator" of text messages within the meaning of the TCPA, as he declined to name CallFire as a defendant in this case.  *See Kauffman v. CallFire, Inc.,* 141 F. Supp. 3d 1044, 1050 (S.D. Cal. 2015) ("the Court concludes that Defendant CallFire is a carrier that did not initiate the messages Plaintiff received."); *see also* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 30 FCC Rcd. 7961, 7982 ¶ 33 (2015), *aff'd in part and rev'd in part on other grounds by ACA Int'l v. FCC,* 885 F.3d 687 (D.C. Cir. 2018) (finding that a text messaging app "is not the maker or initiator of the text" where "it does not control the recipients, timing, or content, but instead merely has some role, however minor, in the causal chain that results in the making of a telephone call").

For this reason, a number of courts in the Ninth Circuit have held that out-of-state defendants (like Defendant) that engage, use, or embed platforms and technologies from California-based companies (like CallFire) are not subject to specific jurisdiction in California based on that connection.  *See, e.g., Castillo,* 2018 U.S. Dist. LEXIS 201721 (use of in-state text messaging platform insufficient to confer personal jurisdiction over out-of-state defendant); *Smith v. Facebook, Inc.,* 262 F. Supp. 3d 943, 948-52 (N.D. Cal. 2017) (declining to exercise jurisdiction over out-of-state website operators using embedded codes from Facebook to track patrons' browsing histories even though Facebook was based in California); *OOO Brunswick Rail Mgmt. v. Sultanov,* No. 5:17-cv-00017-EJD, 2017 U.S. Dist. LEXIS 8374 (N.D. Cal. Jan. 20, 2017) (declining to exercise jurisdiction over Gmail users based solely on use of Google's product); *DFSB Kollective Co. Ltd. v. Bourne,* 897 F. Supp. 2d 871, 883 (N.D. Cal. 2012) (holding that the defendant did not purposefully direct activities at California by "utiliz[ing] accounts on California-headquartered Internet companies Facebook, hi5.com, DeviantArt, and 4Shared to

1  direct traffic to his Websites"), *adopted by* 897 F. Supp. 2d 871 (N.D. Cal. Sept. 13,

2  2012).  There is no reason to conclude otherwise here.

3          Finally, because any alleged harm to Plaintiff would have occurred in Texas,

4  Plaintiff cannot establish that Defendant "'caus[ed] harm that the defendant knows

5  is likely to be suffered in [California],'" the third element of the purposeful direction

6  test.  *Morrill*, 873 F.3d at 1142 (quoting *Schwarzenegger,* 374 F.3d at 803).

7  Accordingly, just as the allegations in the Complaint indicate that the conduct at

8  issue could only have been aimed at Texas, those allegations also indicate that any

9  alleged harm occurred—and could only reasonably be expected to have occurred—

10  in Texas.

11  ### 2.  Plaintiff's TCPA Claim Does Not Arise Out Of Or Relate To Any California-Related Activities.

12

13          To satisfy the second prong of the personal jurisdiction analysis, a plaintiff must

14  show that the "the controversy is related to or arises out of the defendant's contacts

15  with the forum." *Pavlovich,* 29 Cal. 4th at 269.  To evaluate this factor of the

16  analysis, courts employ a "but for" test pursuant to which "a lawsuit arises out of a

17  defendant's contacts with the forum state if a direct nexus exists between those

18  contacts and the cause of action." *Elofson v. Bivens,* No. 15-cv-05761-BLF, 2017

19  U.S. Dist. LEXIS 20218, at *17 (N.D. Cal. Feb. 13, 2017) (citation omitted); *accord*

20  *Allen v. Rodey, Dickason, Sloan, Akin & Robb, P.A*., No. CV 09-3765 PSG (FFMx),

21  2010 U.S. Dist. LEXIS 147971, at *12-13 (C.D. Cal. Jan. 20, 2010) (Gutierrez, J.).

22  "That is, a plaintiff must show that 'but for' the defendant's forum related conduct,

23  the injury would not have occurred." *Abedi v. New Age Med. Clinic PA*, No. 1:17-

24  CV-1618 AWI SKO, 2018 U.S. Dist. LEXIS 105932, at *6 (E.D. Cal. June 25,

25  2018) (citation omitted).  As set forth above, Defendant engaged in no forum-related

26  conduct relative to this action, and thus there is no such conduct that could have

27  been the "but for" cause of Plaintiff's claimed injury.

28

### 3.  The Exercise Of Jurisdiction Over Defendant In This Case Would Be Unreasonable.

Because Plaintiff has failed to satisfy the second prong of the specific jurisdiction inquiry, no further analysis is needed.  *See Schwarzenegger*, 374 F.3d at 802 ("If the plaintiff fails to satisfy either of these [first two] prongs, personal jurisdiction is not established in the forum state.").  But even if Plaintiff could meet his "burden of satisfying the first two prongs," and this Court were to reach the third prong, this Court nevertheless should grant Defendant's motion because exercising personal jurisdiction over Defendant in this matter would be unreasonable.  *Id.*

Courts consider the following seven factors in determining whether the exercise of jurisdiction over a defendant is reasonable: (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.  *See Corwin v. Swanson*, No. CV 10-769 PSG, 2010 U.S. Dist. LEXIS 153533, at *12 (C.D. Cal. Apr. 27, 2010) (Gutierrez, J.).  On balance, these factors weigh strongly against asserting jurisdiction here.

In particular, as explained in detail above, this case involves no "purposeful interjection" by Defendant into California.  Defendant's business, evidence, and witnesses are in New Jersey, not California, as Defendant is principally located in New Jersey.  Moreover, the text message at issue was sent by a Texas entity, and receipt of the text message at issue occurred in Texas; accordingly, California has no particular interest in adjudicating this dispute because it does not involve any claims under California law—only a federal claim brought under the TCPA.  Additionally, alternative fora exist in New Jersey and Texas (as discussed below), and litigating in

a federal court in New Jersey or Texas will have no negative effect on Plaintiff's interest in convenient and effective relief.  All of the relevant factors indicate that exercising jurisdiction over Defendant in this case would be unreasonable.

## II.    VENUE IS IMPROPER IN THIS DISTRICT

For largely the same reasons as set forth above, the Court should dismiss this case for lack of venue in this District.  The federal venue statute, 28 U.S.C. § 1391(b), provides:

> Venue in General. – A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no other district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Here, none of the three venue requirements are satisfied.

First, venue is not proper in this District because Defendant does not reside herein.  For venue purposes, an entity "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  28 U.S.C. § 1391(c).  For the reasons discussed above, this lawsuit does not subject Defendant to personal jurisdiction in California.  As a result, venue is also improper in any federal court in the state.

Second, venue is not proper in this District pursuant to § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims did not occur here.  As noted above, this case arises from a text received by a Texas resident, from a Texas entity, which maintains a franchisee relationship with a corporate entity residing in New Jersey.  There is no affiliation between the District and the events underlying this case.

Third, venue is not proper in this District under § 1391(b)(3) because there are other districts in which Plaintiff could bring this action. Plaintiff is a Texas resident who did business with a Jackson Hewitt franchisee in Texas that sent the text message at issue (from Texas). Defendant is incorporated in Delaware and has its principal place of business in New Jersey. At a minimum, Plaintiff could have filed this action in New Jersey, where Defendant acknowledges it is subject to jurisdiction, or in Texas, where he conducted business with Defendant's franchisee. Without a basis for venue in this Court, Plaintiff's Complaint should be dismissed.

## III. IN THE EVENT VENUE IS PROPER HERE, THE CASE SHOULD NEVERTHELESS BE TRANSFERRED

Should the Court find that, in this case, the exercise of personal jurisdiction over Defendant is appropriate and that venue is proper, this action should nevertheless be transferred to either the District of New Jersey or the Western District of Texas pursuant to 28 U.S.C. 1404(a). The federal change-of-venue statute permits transfer where: (1) the receiving district is "a district or division where [the action] might have been brought," and (2) the transfer is for "the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). Both requirements are met here.

### A. Plaintiff Could Have Filed In The District Of New Jersey Or The Western District Of Texas.

The first requirement for transfer is met because both proper venue and personal jurisdiction exist in the United States District Court for the District of New Jersey and the Western District of Texas. Venue is proper in a judicial district in which any defendant resides, 28 U.S.C. § 1391(b), and/or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Defendant maintains its principal place of business in Jersey City, New Jersey, and Defendant is subject to personal jurisdiction in New Jersey; moreover, Plaintiff

DEFENDANT'S MOTION TO DISMISS, TRANSFER, OR STRIKE

resides in the Western District of Texas and the text at issue was sent by an entity in the Western District of Texas.  Accordingly, Plaintiff could have filed this action in the Western District of Texas or the District of New Jersey. *Daimler*, 571 U.S. at 137.

**B. Transfer Serves The Convenience Of The Parties And The Witnesses And The Interest Of Justice.**

Prosecution of this case in New Jersey or Texas would also promote the interests of convenience and justice.  In evaluating this requirement of Section 1404(a), courts consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *See Painter's Dist. Council No. 30 Health & Welfare Fund v. Amgen, Inc.*, No. CV 07-3880 PSG (AGRx), 2007 U.S. Dist. LEXIS 85135, at *7 (C.D. Cal. Nov. 13, 2007) (Gutierrez, J.) (citation omitted). Application of those factors to the facts here supports transferring this case to New Jersey or Texas.

To begin with, the Central District of California is not convenient for either of the parties because neither Plaintiff nor Defendant resides here.  Plaintiff alleges that he is a resident of Williamson County, Texas, and Defendant resides in Delaware and New Jersey.  Moreover, litigation costs would be reduced for both parties if this case were litigated in New Jersey or Texas, as the evidence and witnesses relating to Defendant's business practices are largely situated in New Jersey (where Defendant is headquartered), and the evidence and witnesses relating to Plaintiff's TCPA claim are located in Texas (where Plaintiff resides and transacted business with Defendant's franchisee, and where the text message at issue was both sent and

1  received).  *See Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095

2  (N.D. Cal. 2013) ("Generally, litigation costs are reduced when venue is located

3  near the most witnesses expected to testify, and [t]he convenience of witnesses is

4  often the most important factor in resolving a motion to transfer.") (citation

5  omitted).  Further, considering "the respective parties' contacts with the forum" and

6  "the contacts relating to the plaintiff's cause of action in the chosen forum," *Park*,

7  964 F. Supp. 2d at 1093, transfer is proper, as Defendant has no relevant contacts

8  with the current venue and, again, Plaintiff does not reside within the Central

9  District of California, so he too lacks a substantial contact to the venue.

10         Additionally, Plaintiff's choice of forum in this case deserves little to no

11  weight.  "[T]he Ninth Circuit, like other courts, has noted that the weight to be given

12  the plaintiff's choice of forum is discounted where the action is a class action."

13  *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) ("[W]hen an

14  individual brings a derivative suit or represents a class, the named plaintiff's choice

15  of forum is given less weight.") (quoting *Lou v. Belzberg*, 834 F.2d 730, 739 (9th

16  Cir. 1987)).  "Deference to the plaintiff's choice of venue is further diminished if the

17  moving party establishes one or more of the following factors: (1) the operative

18  facts have not occurred within the forum; (2) the forum has no particular interest in

19  the parties or subject matter; (3) the forum is not the primary residence of either the

20  plaintiff or defendant; or (4) the subject matter of the litigation is not substantially

21  connected to the forum."  *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1146

22  (C.D. Cal. 2009) (citation omitted); *see also Park*, 964 F. Supp. 2d at 1094 ("[T]he

23  degree of deference is substantially diminished in several circumstances, including

24  where: (1) the plaintiff's venue choice is not its residence; (2) the conduct giving

25  rise to the claims occurred in a different forum; (3) the plaintiff sues on behalf of a

26  putative class; or (4) plaintiff's choice of forum was plaintiff's second choice.")

27  (internal citations and quotations omitted).  Here, "the operative facts have not

28  occurred within the forum," and "the subject matter of the litigation is not

16                    Case No. 2:19-CV-02602-PSG-PJW
DEFENDANT'S MOTION TO DISMISS, TRANSFER, OR STRIKE

substantially connected to the forum," *Metz*, 674 F. Supp. 2d at 1146, *see also Park*, 964 F. Supp. 2d at 1094, because the sending and receipt of the text message at issue occurred outside of California, and "the forum is not the primary residence of either the plaintiff or defendant." *Metz*, 674 F. Supp. 2d at 1146; *Park*, 964 F. Supp. 2d at 1094.

The remaining factors do not weigh against transfer.  To the extent there are any agreements between the parties, those agreements would have been executed in Texas, not California.  And since Plaintiff's claims arise under federal law, there is no "state that is most familiar with the governing law."  *See Fontaine v. Wash. Mut. Bank, Inc.*, No. CV 08-5659 PSG (Ex), 2009 U.S. Dist. LEXIS 41168, at *11 (C.D. Cal Apr. 30, 2000) (Gutierrez, J.) (" . . . where, as here, Plaintiff's claims for relief are based on federal law, both courts are presumably equally familiar with the governing law.").  Finally, the only potential non-party witness identified by Plaintiff to date is CallFire, which, as set forth above, is a technology provider with no substantial connection to this case.  *See Castillo*, 2018 U.S. Dist. LEXIS 201721, at *16 ("while GoMoment may well be a witness in the instant case, it does not appear to be a crucial witness because, as alleged in the complaint, it simply provided a platform for [defendant] to use and nothing more. The critical witnesses will be [defendant's] employees — *e.g.*, those who made the decision to send the text messages.").

Accordingly, if this Court is not inclined to dismiss the Complaint on personal jurisdiction grounds, it should find that venue is more appropriate in the District of New Jersey or the Western District of Texas than in the Central District of California and transfer this case accordingly.

## IV.   PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE STRICKEN BECAUSE PLAINTIFF SIGNED A VALID CLASS-ACTION WAIVER

Finally, should this case remain in this Court, Plaintiff's class claims should

DEFENDANT'S MOTION TO DISMISS, TRANSFER, OR STRIKE

be stricken, as Plaintiff signed an agreement waiving any right to assert claims against Jackson Hewitt on a class basis.[6]  Langstaff Decl., at Ex. 1.  Specifically, the contract that Plaintiff signed with Jackson Hewitt provides:

> **WAIVER OF JURY TRIAL AND PARTICIPATION IN CLASS ACTION.**  WITH RESPECT TO ANY CLAIMS FOR MONEY DAMAGES AND/OR EQUITABLE OR INJUNCTIVE RELIEF, INCLUDING, BUT NOT LIMITED TO, ALL COUNTERCLAIM, CROSS-CLAIMS AND THIRD-PARTY CLAIMS THAT YOU MAY BRING AGAINST JACKSON HEWITT TAX SERVICE INC., AND ITS SUBSIDIARIES AND AFFILIATES, AND INDEPENDENTLY OWNED AND OPERATED THIRD-PARTY FRANCHISEES AND TAX PREPARERS OF ANY OF THEM, AND ANY FORMER, PRESENT AND FUTURE PARENT, SUBSIDIARY AND AFFILIATED CORPORATIONS, AND THE SUCCESSORS AND ASSIGNS OF ANY OF THEM, AND THEIR FORMER PRESENT AND FUTURE OFFICERS, DIRECTORS, AGENTS, SHAREHOLDERS, EMPLOYEES, AND REPRESENTATIVES (THE "JACKSON HEWITT SYSTEM"). YOU ARE GIVING UP YOUR RIGHT: (A) TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST THE JACKSON HEWITT SYSTEM; AND (B) YOU ARE GIVING UP YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST THE JACKSON HEWITT SYSTEM.
>
> **BY SIGNING BELOW, YOU AGREE TO THE TERMS OF THIS AGREEMENT, WHICH INCLUDES A WAIVER OF JURY TRIAL AND A WAIVER OF PARTICIPATION IN A CLASS ACTION, WHICH MAY SUBSTANTIALLY LIMIT YOUR RIGHTS IN THE EVENT OF A DISPUTE.  YOU ALSO ACKNOWLEDGE RECEIVING A COMPLETED COPY OF THIS TAXPAYER INFORMATION FORM AND AGREEMENT.**

---

[6] As Rule 12(f) provides that motions to strike must be brought in a pre-answer motion (*see* Fed. R. Civ. Proc. 12(f)(2)), Defendant has included this request for relief as part of this motion to preclude any argument that it has been waived.

Langstaff Decl., at Ex. 1.  In accordance with this agreement, Plaintiff should be prohibited from asserting his class claims here.

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on motion made by a party . . . before responding to the pleading . . . "  Fed. R. Civ. Proc. 12(f).  Under this Rule, courts have stricken class allegations from a complaint where, as here, a plaintiff signed a class-action waiver, barring the plaintiff from bringing his or her action on behalf of a class.  *See Christensen v. Barclays Bank Del.*, No. 1:18-cv-12280-ADB, 2019 U.S. Dist. LEXIS 72239, at *17-18 (D. Mass. April 30, 2019).  This Court should similarly strike the class allegations from Plaintiff's Complaint.

## CONCLUSION

Plaintiff's claims, which arise from a text message sent by a Texas franchisee of Defendant, which is located in New Jersey, to Plaintiff in Texas, bear no connection to California.  As a result, Defendant is not subject to the Court's jurisdiction in this action, venue is not properly laid in any court in this state, and Plaintiff's Complaint should be dismissed.  Alternatively, this case should be transferred to a venue more substantially connected to the claims at issue that is more convenient for the parties and witnesses involved.  Finally, should the Court retain the matter, Plaintiff's class claims should be stricken.  For all of these reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint for lack of personal jurisdiction and/or improper venue, or, in the alternative, transfer this action to the District of New Jersey or the Western District of Texas, or, in the alternative, strike Plaintiff's class allegations.

Dated: May 31, 2019

Respectfully submitted,

By:    /s/ Susan J. Welde
Susan J. Welde (SBN 205401)
MURCHISON & CUMMING, LLP
275 Battery Street, Suite 850
San Francisco, CA 94111
Telephone: (415) 524-4300
Facsimile: (415) 391-2058
ktownsend@murchisonlaw.com
swelde@murchisonlaw.com


Tamra J. Miller (SBN 224040)
Margaret M. Schuchardt (*pro hac vice*
to be filed)
JASZCZUK P.C.
311 South Wacker Dr., Suite 3200
Chicago, IL 60606
Telephone: (312) 442-0312
tmiller@jaszczuk.com
mschuchardt@jaszczuk.com


Attorneys for Defendant JACKSON
HEWITT TAX SERVICE INC.

DEFENDANT'S MOTION TO DISMISS, TRANSFER, OR STRIKE

1

## PROOF OF SERVICE

2

3 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4        At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California.  My business
5 address is 801 South Grand Avenue, Ninth Floor, Los Angeles, CA 90017-4613.

6 On May 31, 2019, I served true copies of the following document(s) described as **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS,**
7 **TRANSFER, OR STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF MARGARET SCHUCHARDT AND**
8 **AMORI LANGSTAFF IN SUPPORT; [PROPOSED] ORDER** the interested parties in this action as follows:

9

10                        **SEE ATTACHED SERVICE LIST**

11 **BY E-MAIL OR ELECTRONIC TRANSMISSION**:  Pursuant to the E-Filing System of the United States District Court, Central District of California, to the parties at the e-mail addresses on the Court's website.

12

13        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of
14 a member of the bar of this Court at whose direction the service was made.

15        Executed on May 31, 2019, at Los Angeles, California.

16

17 Roxanne Lopez

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
**Jeff Hancock vs. Jackson Hewitt Tax Service**
**2:19-cv-02602-PSG-PJW**

James C Shah                                          Attorneys for Plaintiff Jeff Hancock
Shepherd Finkelman Miller and Shah
LLP
35 East State Street
Media, PA 19063
610-891-9880
Fax: 866-300-7367
Email: jshah@sfmslaw.com


Alexander H Burke
Burke Law Offices LLC
155 North Michigan Avenue Suite 9020
Chicago, IL 60601
312-729-5288
Fax: 312-729-5289
Email: ABurke@BurkeLawLLC.com
PRO HAC VICE

Kolin Tang
Shepherd Finkelman Miller and Shah
LLP
1401 Dove Street Suite 540
Newport Beach, CA 92660
323-510-4060
Fax: 866-300-7367
Email: ktang@sfmslaw.com

DEFENDANT'S MOTION TO DISMISS, TRANSFER, OR STRIKE