UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6
#21 9/9 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2602 PSG (PJWx) | Date | August 29, 2019 |
|---|---|---|---|
| Title | Jeff Hancock v. Jackson Hewitt Tax Service, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Defendant's motion to transfer the case to the Western District of Texas

Before the Court is Defendant Jackson Hewitt Tax Service, Inc's ("Defendant") motion to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer the case to a different district under 28 U.S.C. § 1404. *See* Dkt. # 21 ("*Mot.*"). Plaintiff Jeff Hancock ("Plaintiff") has opposed this motion, *see* Dkt. # 31 ("*Opp.*"), and Defendant replied, *see* Dkt. # 32 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78, L.R. 7-15.

Having considered the moving papers, the Court concludes that, even assuming personal jurisdiction and venue are proper, a transfer of the case is appropriate. Accordingly, the Court **GRANTS** Defendant's motion and **ORDERS** that the case be transferred to the Western District of Texas.

I.   Background

Plaintiff brings claims under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §§ 227 et seq., against Defendant based on text messages allegedly sent at the behest of Defendant's Texas franchisee.

Plaintiff is a citizen of Texas, residing in Williamson County, Texas. *See Complaint*, Dkt. # 1 ("*Compl.*"), ¶ 5. Defendant, a Delaware corporation with its principal place of business in New Jersey, *see id.* ¶ 6, provides computerized tax preparation services for individual income tax returns through approximately 292 nationwide franchised and company-owned offices. *See Declaration of Amori Langstaff*, Dkt. # 21 ("*Langstaff Decl.*"), ¶ 2.[1] Starting in 2009, Plaintiff's

---

[1] Defendant has 5% of its offices in California. *Langstaff Decl.* ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2602 PSG (PJWx) | Date | August 29, 2019 |
|---|---|---|---|
| Title | Jeff Hancock v. Jackson Hewitt Tax Service, Inc. | | |

mother used Defendant's services multiple times at two of its Texas locations. *See id.* ¶ 3. In 2018, Plaintiff also conducted business with Defendant's location in Cedar Park, Texas (the "Cedar Park office"). *See id.* ¶ 4. Defendant alleges that Plaintiff and his mother each provided Defendant with their telephone numbers and authorized Defendant to send promotional text messages to the number. *See id.*, Ex. 1, 2.

Defendant uses the services of non-party CallFire, Inc. ("CallFire"), a Delaware corporation headquartered in California. *Compl.* ¶ 7. CallFire provided Defendant with a text messaging platform to transmit Defendant's promotional messages in "blasts" to its customers, including Plaintiff. *Id.* ¶¶ 23, 25; *Langstaff Decl.* ¶ 5. In March 2019, Plaintiff contacted the Cedar Park office and complained of these messages. *Compl.* ¶ 19. In addition, attempting to make the texts cease, he reply-texted "[s]top." *Id.* ¶ 20. The parties dispute whether the text messages referenced in the Complaint originated from Defendant's headquarters in New Jersey or a Texas franchisee. *Declaration of Jeffrey L. Hancock in Opposition to Defendant's Motion to Dismiss, Transfer, or Strike*, Dkt. # 31 ("*Hancock Decl*"), ¶ 7.

In April 2019, Plaintiff brought a putative class action complaint against Defendant for violations of the TCPA. *See generally Compl.* Defendant now brings a motion to dismiss, transfer, or strike. *See generally Mot.*

II.   <u>Legal Standard</u>

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) explicitly identifies three factors—the convenience of the parties, the convenience of witnesses, and the interest of justice—and the Ninth Circuit has explained that district courts may also consider factors used in the forum non conveniens context:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, [] (8) the ease of access to sources of proof . . . [9] the presence of a forum selection clause . . . [and (10)] the relevant public policy of the forum state.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2602 PSG (PJWx) | Date | August 29, 2019 |
|---|---|---|---|
| Title | Jeff Hancock v. Jackson Hewitt Tax Service, Inc. | | |

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). The district court may also consider factors such as (11) relative court congestion, (12) "the local interest in having localized controversies decided at home," and (13) "the unfairness of burdening citizens in an unrelated forum with jury duty." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). "Weighing of the factors for and against transfer involves subtle considerations," *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007), and "[t]he convenience of the parties and the witnesses are often the most important factors." *Core Litig. Tr. v. Apollo Glob. Mgmt., LLC*, No. 2:17-cv-00927 JFW (AGRx), 2017 WL 3045919, at *4 (C.D. Cal. Apr. 5, 2017); *see also Denver & Rio Grande W. R.R. Co. v. Bhd. of R.R. Trainmen*, 387 U.S. 556, 560 (1967) ("[V]enue is primarily a matter of convenience of litigants and witnesses.").

The burden is on the moving party to show that transfer is appropriate. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Overall, § 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

III.  Discussion

Plaintiff alleges that Defendant violated the TCPA when it used an "automatic telephone dialing system" ("ATDS") to send Plaintiff unsolicited messages without his consent. *See Compl.* ¶¶ 1, 3. Specifically, Plaintiff argues that Defendant hired California-based CallFire to contact him from an ATDS. *See id.* ¶ 7. In response, Defendant brought this motion to (1) dismiss for lack of personal jurisdiction, (2) dismiss for improper venue, (3) alternatively transfer, or (4) strike Plaintiff's class claims. *See Mot.* 3:2–12, 5:16–22.

The Court concludes that, even if jurisdiction and venue were proper, for the convenience of the parties and witnesses and in the interest of justice, it **GRANTS** the motion to transfer this action to the Western District of Texas.

A.  Convenience of the Parties

Under the first prong, Defendant argues that venue in the Central District of California is not convenient because neither party resides in this district, let alone in California. *See id.* 15:20–21. According to Defendant, transfer is warranted because Defendant lacks relevant contacts with California, Plaintiff transacted business with Defendant's Texas offices, and the text messages at issue were allegedly sent and received in Texas. *Id.* 12:22–25. However,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2602 PSG (PJWx) | Date | August 29, 2019 |
|---|---|---|---|
| Title | Jeff Hancock v. Jackson Hewitt Tax Service, Inc. | | |

Plaintiff counters that the "most relevant forum contacts," namely Defendant's contractual relationship with non-party CallFire, are in this district. *Opp.* 22:16–18. He contends that it would be "more burdensome" to prosecute his case in Texas because the "bulk" of discovery and witnesses are in the Central District. *See id.* 23:1–16. Moreover, Defendant maintains California offices, so it would not burden it to defend itself here. *See id.* 7:12–13.

Plaintiff's state of residence, the location of the bulk of relevant discovery, and Defendant's scant contacts with California make the Central District an inconvenient forum for the parties. First, Plaintiff resides in Texas, which would make California an inconvenient forum for him. *Compl.* ¶ 5. Second, while Plaintiff will need some discovery from CallFire to determine whether its platform is an ATDS under the TCPA, the Court agrees with Defendant that this is not the principal issue. Rather, to support its TCPA claim, Plaintiff will need evidence from Defendant as to (1) the use of CallFire's services, (2) where the text messages originated,[2] (3) Plaintiff's consent or lack of consent to the messages, (4) execution of the class waiver, and (5) whether Defendant maintained a "Do Not Call" list. *See Reply* 7:14–8:10. Lastly, it irrelevant that Defendant maintains California offices because they appear unrelated to this action. In sum, the inconvenience to Defendant and extent of evidence located out-of-state outweighs any potential convenience to Plaintiff. Therefore, this factor weighs in favor of transfer to the Western District of Texas.

### B. Convenience of the Witnesses

Next, the Court similarly finds that the convenience of witnesses, "often recognized as the most important factor to be considered in ruling on a motion under § 1440(a) [sic]," *Jovel v. i-Health, Inc.*, No. CV 12-05526 DDP (JCGx), 2012 WL 5470057, at *4 (C.D. Cal. Nov. 8, 2012), favors transfer. Plaintiff relies exclusively on the convenience of prosecuting this matter in the district that has subpoena power over the non-party CallFire. *See Opp.* 23:10–11, 23:17–24:8. However, "only one of the non-party witnesses would be beyond the court's subpoena power" and Plaintiff can nonetheless subpoena documents and testimony from CallFire regardless of where this action is prosecuted. *See Ezieme v. Ward Int'l Trading, Inc.*, No. CV 08-6748 PSG JWJx, 2009 WL 2818394, at *10 (C.D. Cal. Aug. 31, 2009); Fed. R. Civ. P. 45(c). Although Plaintiff will likely require discovery from CallFire to prove his TCPA claim, it appears that Plaintiff and Defendant are the principal witnesses here, and the Western District of Texas is

---

[2] Plaintiff disputes that the text messages originated with Defendant's Texas franchisee because Plaintiff was allegedly informed that they were sent from the "corporate office." *See Hancock Decl.* ¶ 7. Even assuming this were true, the text messages would have originated in New Jersey, not California. *See Reply* 7:19–23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2602 PSG (PJWx) | Date | August 29, 2019 |
|---|---|---|---|
| Title | Jeff Hancock v. Jackson Hewitt Tax Service, Inc. | | |

more convenient for them. *See Opp.* 23:21–24:1. Thus, this is not a case where the effect of transfer "would be simply to shift the inconvenience from one party to another." *Plascencia v. Lending 1st Mortg.*, No. C 07-4485 CW, 2008 WL 1902698, at *9 (N.D. Cal. Apr. 28, 2008). Therefore, this factor also weighs in favor of transfer.

      C.      <u>Interest of Justice</u>

To determine whether a transfer is in the interest of justice, district courts look to several factors: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, [] (8) the ease of access to sources of proof . . . [9] the presence of a forum selection clause . . . [and (10)] the relevant public policy of the forum state," (11) relative court congestion, (12) "the local interest in having localized controversies decided at home," and (13) "the unfairness of burdening citizens in an unrelated forum with jury duty." *See Jones*, 211 F.3d at 498–99; *Decker Coal Co.*, 805 F.2d at 843. As might be expected with a thirteen-factor balancing test, the Court takes all relevant factors into account, and no one factor is necessarily determinative.

Here, the factors favor transferring the case because the parties' contacts with the forum, the contacts related to Plaintiff's TCPA claim, the ease of access to sources of proof, and the differences in litigation costs all make the Western District of Texas a more suitable venue. First, neither Plaintiff nor Defendant resides in California, and their dispute arose out of Defendant's conduct in Texas. *Compl.* ¶¶ 5–6. Next, although Callfire is headquartered in California, it appears Plaintiff will need a significant amount of discovery from Defendant, rather than Callfire, on how Defendant used CallFire's services, where the text messages originated, Plaintiff's consent, execution of the class waiver, and whether Defendant maintained a "Do Not Call" list. *See Reply* 7:14–8:10. Thus, the parties could more easily access these Texas-based contacts were they in Texas, rather than California. Finally, litigating the case in Texas would reduce costs because "evidence and witnesses relating to Plaintiff's TCPA claims are located in Texas," not California. *Mot.* 15:23–16:1.

Only two factors, the Plaintiff's choice of forum and the availability of compulsory process to compel attendance of non-party witnesses, weigh in favor of keeping the case in this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2602 PSG (PJWx) | Date | August 29, 2019 |
|---|---|---|---|
| Title | Jeff Hancock v. Jackson Hewitt Tax Service, Inc. | | |

district.[3]  Although there is a presumption in favor of a plaintiff's choice of forum, "a court must consider the extent of both parties contacts with the forum, including those relating to the plaintiff's cause of action." *Fontaine v. Wash. Mut. Bank, Inc.*, No. CV 08-5659 PSG (Ex), 2009 WL 1202886, at * 4 (C.D. Cal. Apr. 30, 2009).  Here, the TCPA cause of action stems not from contact with California, but from Defendant sending text messages from either New Jersey or Texas to a Texas phone number.  *See Hancock Decl.* ¶ 7; *Mot.* 16:27–17:20; *Reply* 2:5–6. Further, the "great weight" accorded to Plaintiff's choice of forum is even further diminished where, as here, the plaintiff brings a putative class action.  *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("[W]hen an individual . . . represents a class, the named Plaintiff's choice of forum is given less weight.").  Finally, as to the availability of compulsory process, plaintiff can still subpoena documents and testimony from CallFire even if the case is in the Western District of Texas.  *See* Fed. R. Civ. P. 45(c) (allowing parties to issue subpoenas to non-parties for depositions or other discovery so long as the deposition or production occurs within one-hundred miles of the non-party's residence).  Therefore, because the factors weighing in favor of Plaintiff are mitigated here, a transfer is in the interest of justice.

IV.     Conclusion

On balance, the Court concludes that, based on the convenience of the parties and witnesses and in the interest of justice, the Central District is not the appropriate venue for this action.  Accordingly, the Court **GRANTS** the motion to transfer the case to the Western District of Texas.

---

[3] Plaintiff also incorrectly argues that the interest of justice weighs against transfer because "the relevant agreements were negotiated and executed here" and California is the state most familiar with the governing law.  *See Opp.* 21:4–5, 18.  First, "the relevant agreement" that Plaintiff cites between Defendant and non-party Callfire is ancillary to Defendant texting Plaintiff, the conduct spurring the alleged TCPA violation here.  *See id.* 21:4–5.  Second, the TCPA is a federal statute, and as this Court has previously held, "where . . . Plaintiff's claims for relief are based on federal law, both [federal] courts are presumably familiar with the governing law." *Fontaine*, 2009 WL 1202886, at * 4.  Therefore, despite Plaintiff's assertions to the contrary, these factors are irrelevant to the inquiry.